### SOROCHAK v REED (2 Cases)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9205.   Decided November 26, 1928

A. W. Bell, Esq., Cleveland, for Sorochak.
Anthony F. Gaughan, Esq., Cleveland, for Reed.

### VICKERY, J.

The trouble of it is this is upon an immaterial matter. The question was not whether an electric light pole was there, but whether this man saw this accident, and bringing out where this electric light pole was located was simply dragged out by the cross-examination. Apparently the witness thought he had to account for the fact that he was looking that way, so the contradiction was upon an immaterial point, for it did not matter whether the electric light pole was there or not; the question was whether this man saw the accident, and there is testimony that the accident did occur at this place.. The boys, on cross-examination, admitted that the accident did not happen on Starkweather Avenue but some distance up the street, so examining this whole record, we do not see that the court did anything wrong in refusing to grant a new trial on this petition after term; at least we cannot say that the court violated his oath of office and was guilty of an abuse of discretion.

If we understand the rule, either on motion during term or on petition after term where a verdict can be set aside and a new trial ordered on the ground of newly discovered evidence, the new evidence must be of such character that had it been before the jury, the jury must almost of necessity have found the other way. Taking

all the newly discovered evidence in this case, even if the record had shown that due diligence had been observed, we do not think it amounts to anything more than adding more evidence upon the same issue that was presented by both sides of the case as it was originally tried. In other words, it was merely cumulative and so far as rebuttal was concerned, it was upon a question which was not material.

Having gone over the whole record, we cannot see our way clear to disturb this verdict. There is no substantial error in the charge of the court nor is the verdict so manifestly against the weight of the evidence that we would be warranted in reversing the case.

The judgments in both cases are, therefore, affirmed.

Sullivan, PJ, and Levine, J, concur.